## GLASER v. CARROLL et al.

(Supreme Court, General Term, First Department. November 18, 1892.)

1. CREDITORS' BILL—EVIDENCE TO SUSTAIN.
In an action against a husband and wife by a creditor of the husband to reach money alleged to have been received by the wife in fraud of the husband's creditors from mortgages belonging to the husband, the complaint is not sustained by testimony of the husband that most of the mortgages have been paid off, and that the wife received the money through him.

2. SAME.
In an action against a husband and wife to subject to a debt of the husband land alleged to be held by the wife in fraud of the husband's creditors, evidence in relation to land, other than that referred to in the complaint, is irrelevant.

Appeal from special term, New York county.

Action by Albert Glaser against Daniel Carroll and Catherine Carroll to subject real estate of Catherine Carroll to the payment of her husband's debt. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Benno Loewy, for appellant. Earley & Prendergast, for respondents.

PER CURIAM. This is a creditors' action to subject certain real estate belonging to the defendant Catherine M. Carroll to the payment of a judgment recovered by plaintiff against her husband, Daniel Carroll. The question whether the property sought to be thus subjected was held by Mrs. Carroll in fraud of her husband's creditors was one of fact, and we see no reason to distrust the finding of the special term in her favor. The evidence entirely failed to sustain the plaintiff's charges with regard to the real estate specified in the complaint. Much of the evidence had relation to property in this city not referred to in the complaint, and this evidence was consequently irrelevant to the main issue with regard to the Brooklyn property. The claim is made, however, that a considerable sum of money was received by Mrs. Carroll from mortgages upon this New York property, and that these moneys belonged to her husband, and should be accounted for under an independent section of the complaint charging Mrs. Carroll generally with receipt of moneys in fraud of creditors. Even in this particular the evidence is not sufficiently clear to warrant us in disturbing the findings of the special term. The defendant Daniel Carroll testified, it is true, that most of these mortgages had been paid off, and that his wife received the money through him. This testimony was insufficient in itself to establish the plaintiff's charges of fraud. But the defendants claim, and the case is not without evidence to support it, that certain of the mortgages in question were made after Mrs. Carroll had become the owner of the property, and that whatever money she received out of such property was realized after her purchase. In view, also, of the fact that the claim with regard to this particular property is not referred to in the complaint, and is not made the subject of a direct issue, we think the complaint was properly dismissed, and that the judgment appealed from should be affirmed, with costs.